IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FARRON WHITNEY ALBERTY, | ) |
| Petitioner, | ) |
| v. | ) Case No. 23-CV-0312-GKF-CDL |
| WILLIAM RANKINS, Warden, | ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner Farron Whitney Alberty, a self-represented Oklahoma prisoner,[1] petitions for a writ of habeas corpus, under 28 U.S.C. § 2254, claiming that he is unlawfully detained under the judgment entered against him in Tulsa County District Court Case No. CF-2005-2323. Respondent William Rankins moves to dismiss the petition, arguing that Alberty failed to file it within the one-year limitations period prescribed in 28 U.S.C. § 2244(d)(1). Having considered the petition (Dkt. 5), the motion to dismiss (Dkt. 11) and brief in support (Dkt. 12), the response to the motion to dismiss (Dkts. 15, 16),[2] the record of state court proceedings, and applicable law, the Court finds and concludes that Respondent's motion shall be granted and that the petition shall be dismissed.

---

[1] Because Alberty appears without counsel, the Court liberally construes his filings, but the Court does so without assuming the role of his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] On the same day he filed his response to the motion to dismiss, Alberty filed a motion for stay of proceeding and attached to the motion "Exhibit A," an exhibit that appears to be either a second response or, possibly, a continuation of his first response. The Court has considered Alberty's arguments raised in the response to the motion to dismiss and in Exhibit A, to the extent those arguments address Respondent's arguments in favor of dismissal. However, to the extent Alberty asserts, or attempt to assert, new habeas claims in the response or in Exhibit A, the Court has disregarded those new claims and any arguments in support of those new claims.

I.     **Background**

In 2007, a Tulsa County jury convicted Alberty of first-degree murder, and the trial court sentenced him to a term of life imprisonment without the possibility of parole. Dkt. 12-1. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed Alberty's judgment and sentence in 2009. Dkt. 12-1.

More than a decade later, the United States Supreme Court held that Congress never disestablished the Muscogee Creek Nation Reservation and, as a result, that the land within the boundaries of that reservation is Indian country for purposes of applying the Major Crimes Act, 18 U.S.C. § 1153. *McGirt v. Oklahoma*, 591 U.S. 894, 932-34 (2020). Section 1153 provides the federal government with exclusive jurisdiction to prosecute any Indian who commits certain enumerated crimes, including murder, within Indian country. 18 U.S.C. § 1153(a).

Within weeks of the *McGirt* decision, Alberty filed a pro se application for postconviction relief in state district court, asserting that the State of Oklahoma did not have jurisdiction to prosecute him because he is Indian and he committed murder in Indian country—namely, within "Cherokee Nation Tribal Territory." Dkt. 12-8. A few months later, Alberty, represented by counsel, filed a supplemental application for postconviction relief and submitted evidence to establish the location of his crime and his status as a member of the Cherokee Nation.[3] Dkt. 12-10. In March 2021, following a hearing, the state district court issued an oral ruling granting Alberty's application for postconviction relief, over the State's objection, "pending the presentation of stipulations from the parties & a proposed order to be prepared by the defendant." Dkt. 12-13, at 64 (full capitalization omitted). The state district court docket sheet reflects no entry

---

[3] *McGirt* held only that Congress has not disestablished the Muscogee Creek Nation Reservation. 591 U.S. at 932. The OCCA subsequently held that Congress has not disestablished the Cherokee Nation Reservation. *Hogner v. State*, 500 P.3d 629, 635 (Okla. Crim. App. 2021).

of any written orders granting Alberty's application for postconviction relief. *Id.* at 64-65; *see also* Dkt. 12-23, at 1 (noting that no signed order granting postconviction relief was filed in March 2021).

In April 2021, the federal government filed a criminal complaint against Alberty in this court, charging him with first-degree murder in Indian country. Dkt. 12-14. Alberty was arrested by federal authorities in May 2021, and a federal grand jury returned a two-count indictment, charging Alberty with first-degree murder in Indian country, and causing death by using and discharging a firearm during and in relation to a crime of violence. Dkts. 12-15, 12-16. These charges were based on the same conduct underlying Alberty's state murder conviction. Dkt. 12-15.

Several months later, the OCCA held that *McGirt* does not apply retroactively in state postconviction proceedings to void state criminal judgments that were final before *McGirt* was decided. *State ex rel. Matloff v. Wallace*, 497 P.3d 686, 688-89, 694 (Okla. Crim. App. 2021). Relying on *Wallace*, the state district court "reversed" its oral announcement that it would grant Alberty's application for postconviction relief and filed a written order denying his application. Dkts. 12-11, 12-23.[4] Citing the state district court's denial of postconviction relief, the federal government moved to dismiss Alberty's federal prosecution, and this court granted that motion.[5]

---

[4] The state district court docket sheet shows entry of the first written order on August 25, 2021. Dkt. 12-13, at 65. However, the order was signed on September 1, 2021, and is file-stamped September 2, 2021. Dkt. 12-11. In November 2021, after Alberty filed a postconviction appeal, the state district court issued an amended order denying postconviction relief. Dkt. 12-23.

[5] The federal government represented in its motion, and this court found, that Alberty was in federal custody pursuant to a federal writ of habeas corpus ad prosequendum and that if he were released from federal custody, he would remain incarcerated under the sentence imposed in state court in 2007. Dkts. 12-17, 12-18. This court concluded that dismissing the federal case without prejudice thus was not clearly contrary to manifest public interest. Dkt. 12-18 (citing Fed. R. Crim. P. 48(a)).

Dkts. 12-17, 12-18.  On November 19, 2021, the OCCA affirmed the state district court's order denying Alberty's application for postconviction relief.  Dkt. 12-24.  Like the state district court, the OCCA reasoned that *Wallace* foreclosed Alberty's request for postconviction relief as to his claim that the State lacked jurisdiction to prosecute him for a crime he committed in Indian country.  *Id.*

Nearly one year later, on October 31, 2021, Alberty filed a second application for postconviction relief in state district court asserting three claims that effectively reasserted his claim that the State improperly exercised criminal jurisdiction when it prosecuted him for a crime he committed in Indian country.[6]  Dkt. 12-25.  On January 6, 2023, The state district court determined these claims were procedurally barred under Okla. Stat. tit. 22, § 1086, and dismissed Alberty's second application for postconviction relief.  Dkt. 12-27.  Alberty did not file a postconviction appeal in the OCCA to challenge the dismissal of his second application for postconviction relief.  Dkt. 12-13.

---

[6] Highly summarized, Alberty claimed (1) the State lacks "sovereign authority over areas historically referred to as 'Indian Territory'" as evidenced by federal laws and treaties that "form unmistakable federal preemptions to Oklahoma Authority over Indian lands and Indian peoples"; (2) he could not "legally be made a state prisoner" or "forced into consequential Oklahoma slavery" because "general rules and procedures governing Oklahoma's actual sovereign powers did not cover the process conducted against him"; and (3) he was suffering an ongoing violation of the Thirteenth Amendment prohibition against involuntary servitude.  Dkt. 12-25, at 2-3, 10-11.  In a footnote, Alberty disavowed that he sought relief under the reasoning in *McGirt* and asserted that *Wallace* could not foreclose postconviction relief because his arguments were based "solely [on] Treaties and Congressional acts."  *Id.* at 16 n.5.

Alberty filed the instant habeas petition on September 15, 2023. Dkt. 5.[7] Respondent contends the petition should be dismissed because Alberty did not comply with the applicable one-year statute of limitations. Dkts. 11, 12.

## II.     Legal framework

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year statute of limitations for state prisoners seeking federal habeas review of a state-court judgment under 28 U.S.C. § 2254. The limitations period "run[s] from the latest of" one of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). For most prisoners, the one-year limitations period commences at the conclusion of direct review under § 2244(d)(1)(A). *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). The habeas petitioner bears some burden to show that a different subsection applies. *Chavez v. Workman*, No. 05-CV-0554-HDC-PJC, 2006 WL 2251718, at *3 (N.D. Okla. Aug. 4,

---

[7] Alberty filed a handwritten document entitled "Writ of Coram Nobis/2241/Rule 60(b)" on July 20, 2023, but this Court struck that document as a deficient pleading and directed Alberty to file a habeas petition using the court-approved form. Dkts. 1, 2. The Clerk of Court did not receive the petition until September 25, 2023. Dkt. 5, at 1. But Alberty declares, under penalty of perjury, that he placed the petition in his institution's legal mail system on September 15, 2023. *Id.* at 12, 21. Applying the prison mail box rule, the Court deems the petition filed on September 15, 2023. Rule 3(d), *Rules Governing Section 2254 Cases in the United States District Courts*.

2006) (unpublished).[8]  Regardless of which event triggers the commencement of the limitations period, that period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).  In certain circumstances, federal courts also may toll the limitations period for equitable reasons, *Holland v. Florida*, 560 U.S. 631, 645 (2010), or may excuse noncompliance with the statute of limitations if a petitioner asserts a credible claim of actual innocence, *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

**III.   Discussion**

Respondent primarily construes Alberty's petition as "once again assert[ing] that the State lacked prosecutorial authority to convict him because he is an Indian, and his crime took place on Indian Land."  Dkt. 12, at 15.  Respondent contends (1) that the petition is untimely under § 2244(d)(1)(A); (2) that Alberty has not shown that any other provision of § 2244(d)(1) provides a later commencing limitations period; (3) that Alberty has not demonstrated any facts or circumstances that would support equitable tolling of the limitations period; and (4) that Alberty has not asserted a credible claim of actual innocence that would permit this Court to excuse the untimeliness of his petition.  *Id.* at 9-27.

Before addressing these arguments, the Court finds it necessary to clarify its understanding of the claim or claims that Alberty attempts to present in the petition.  Alberty identifies two grounds for relief, but the nature of his claims is not clear.  In ground one, Alberty appears to claim that the dismissal of his federal criminal prosecution violated his rights, under the Fifth and Fourteenth Amendments and the Major Crimes Act, to be prosecuted in federal court rather than

---

[8] The Court cites all unpublished decisions herein as persuasive authority.  FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

in state court. Dkt. 5, at 8. In support of this claim, Alberty appears to argue that he should be released from state custody because the federal government "divested, stripped, and forever relieved [the State] of ever having jurisdiction of [him] again" when it commenced a prosecution against him under the Major Crimes Act, and, as a result, the OCCA could not rely on its decision in *Wallace* to deny him postconviction relief from his allegedly unlawful state criminal judgment. *Id.* at 8-11.[9]

In ground two, Alberty appears to reassert his claim that he was entitled to be prosecuted in federal court, and that this court erroneously relied on the OCCA's decision in *Wallace* to dismiss his federal prosecution. *Id.* at 13-14. In support of this claim, Alberty asserts, "only the Supreme Court can undo/reverse the implementation of the MCA and send an offender back to state custody to continue serving a sentence that had already been invalidated." *Id.* at 14; *see also id.* at 15 ("the government's fatal error has directly led to the petitioner to be illegally detained/incarcerated a second time by the State of Oklahoma however this time around without any charge/conviction due to the fact the moment the MCA was enforced and implemented upon the petitioner on [May 12, 2021] the state's interest/custody was eliminated and petitioner's conviction was wholly and utterly invalidated"); *id.* at 16 (suggesting the State of Oklahoma "voluntarily relinquish[ed]" jurisdiction by referring Alberty for federal prosecution after the state "conducted their due diligence with regard to [his] tribal claims" and granted postconviction relief).

In ground two, Alberty also appears to claim that the OCCA violated his Fourteenth Amendment rights to substantive or procedural due process and equal protection of the laws by

---

[9] In quoting from Alberty's petition, the Court has attempted to preserve his original language but has omitted his unconventional use of hyphens, parentheticals, and capitalization.

7

applying *Wallace* to the facts of his case when it denied postconviction relief. Dkt. 5, at 17-21; Dkt. 16, at 2-8, 22-23. He asserts that *Wallace* has "no legal effect" in his case because he was already in federal custody when the OCCA issued a "stay" of "all remaining post-conviction relief applications pursuant to *McGirt*." *Id.* at 17. He further asserts that the *Wallace* decision violates equal protection and substantive due process because it "is clearly a new state law/statute . . . specifically designed to single out for special treatment a certain class of persons namely only Choctaw, Chickasaw, Cherokee, Seminole, and Creek Nations and their citizens." *Id.* at 18-19; *see also id.* at 19 ("the OCCA's solo interpretation of *McGirt* clearly is intertwined, and interwoven with federal law and contrary to Supreme Court interpretation/precedent therefor[e] the federal courts absolutely have jurisdiction to declare [*Wallace*] as a[n] unconstitutional procedural bar"); *id.* at 20 (asserting that *Wallace* "has given birth to a mass manifest miscarriage of justice, and should be promptly corrected, and disposed of as any type of procedural bar" and "is an unconstitutional case").

After careful consideration of Alberty's arguments, the Court finds that, to the extent he asserts claims predicated on errors related to the dismissal of his federal prosecution, he fails to state any claims that are cognizable in this habeas proceeding. Section § 2254(a) authorizes federal district courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Alberty's state custody arises from the state criminal judgment entered against him in 2007. Contrary to Alberty's assertions that his 2007 judgment has been "invalidated," the facts in the record show that Alberty was not granted postconviction relief in state court from the 2007 judgment and was not released from state custody pursuant to the 2007 judgment. Neither the fact

8

that the federal government commenced then dismissed a federal prosecution against Alberty in 2021 nor the fact that Alberty briefly was held in federal custody pursuant to a federal writ of habeas corpus ad prosequendum for purposes of the federal prosecution create a basis for Alberty to challenge the lawfulness of his state custody under the 2007 state criminal judgment. For that reason, the Court dismisses the petition, in part, as to any claims that are predicated on alleged errors related to Alberty's federal prosecution.

The Court further finds that, with the benefit of liberal construction, Alberty's arguments could be construed, in part, as challenging the validity of his state custody under the 2007 judgment on the basis that the OCCA should not have applied *Wallace* to deny postconviction relief as to his Indian country jurisdiction claim because his 2007 judgment is void for lack of jurisdiction. With this understanding of Alberty's sole cognizable habeas claim, and for the following reasons, the Court agrees with Respondent that the petition is untimely.[10]

### A.     The petition is untimely under § 2244(d)(1)(A).

To the extent Alberty reasserts his claim that the State lacked jurisdiction to prosecute him for a crime he committed in Indian country, and that the OCCA thus erroneously denied his request for postconviction relief when it applied its own decision in *Wallace*, that claim is untimely under

---

[10] To the extent Alberty's arguments could instead be construed as claiming that the State lacked jurisdiction to "reinstate" his criminal judgment in 2021, *see, e.g.*, Dkt. 15, at 3-5, the Court finds it unnecessary to consider whether that claim would be timely because it fails for lack of factual support. As previously discussed, there is no evidence in the record that the state district court vacated or reinstated Alberty's judgment at any time during his state postconviction proceeding. *See supra*, n.6. Instead, the state district court orally announced that it would grant postconviction relief, subject to entry of a written order, and reversed its oral ruling by entering two written orders denying postconviction relief. Dkt. 12-13, at 64-66; Dkts. 12-11, 12-23.

9

§ 2244(d)(1)(A), and Alberty has not shown that any other provision of § 2244(d)(1) applies.[11] Section 2244(d)(1)(A) provides that the one-year period for filing a timely federal habeas petition attacking a state criminal judgment begins to run on the date that the petitioner's judgment becomes final. "For petitioners who pursue direct review all the way to [the United States Supreme] Court, the judgment becomes final at the 'conclusion of direct review'—when [the Supreme] Court affirms a conviction on the merits or denies a petition for certiorari." *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). "For all other petitioners, the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires." *Id.*

The OCCA affirmed Alberty's judgment on June 26, 2009, and nothing in the record indicates that he sought further direct review. His judgment thus became final on September 24, 2009, when the time expired to seek further direct review. *Gonzalez*, 565 U.S. at 150; U.S. Sup. Ct. R. 13.1 (providing 90-day period to file petition for writ of certiorari). His one-year limitations period, under § 2244(d)(1)(A), commenced the next day, September 25, 2009, and, absent any

---

[11] Alberty urges this Court to consider whether his petition is timely under § 2244(d)(1)(B) or (d)(1)(D). Dkt. 15, at 8. But, as Respondent notes, courts have repeatedly rejected arguments that these provisions provide a later commencing limitations period for *McGirt*-based claims. Dkt. 12, at 21 n. 14; *see, e.g.*, *Owens v. Whitten*, 637 F. Supp. 3d 1245, 1253 (N.D. Okla. 2022) (concluding that petitioner's "bold assertion that Oklahoma's pre-*McGirt* misunderstanding of the jurisdictional landscape in Oklahoma impeded 'the rights of the masses' is not the type of state-created impediment contemplated by § 2244(d)(1)(B) that necessarily would have prevented [petitioner] from filing a timely habeas petition"); *Sweet v. Hamilton*, 634 F. Supp. 3d 1048, 1052 (N.D. Okla. 2022) (rejecting petitioner's arguments that § 2244(d)(1)(C) or (d)(1)(D) applies to *McGirt* claim); *see also Pacheco v. Habti*, 62 F.4th 1233, 1246 (10th Cir. 2023) (rejecting petitioner's argument that *McGirt* claim was timely under § 2244(d)(1)(C), and reasoning that *McGirt* did not announce a new constitutional right). Alberty offers no persuasive reasons for this Court to conclude that any provision other than § 2244(d)(1)(A) provides the commencement date for his limitations period.

statutory tolling events, expired on September 27, 2010. *Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011).[12]

As Respondent contends, Alberty cannot benefit from statutory tolling because he did not properly file any applications for postconviction relief or other collateral review during this one-year limitations period. Dkt. 12, at 17-20; *see* 28 U.S.C. § 2244(d)(2) (providing that the limitations period is suspended for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in state court); *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (explaining that an application for postconviction relief or other collateral review must be filed in state court within the applicable one-year limitations period to obtain statutory tolling); *Robinson v. Golder*, 443 F.3d 718, 720 (10th Cir. 2006) (explaining that "[a] state post-conviction application is 'properly filed' if it satisfies the State's requirements for filing such a pleading"). Alberty filed a motion for suspended sentence or sentence modification in state district court on July 13, 2009, and the state district court denied that motion on September 23, 2009, one day before his judgment became final.[13] Dkts. 12-3, 12-4. Even assuming this motion was properly filed and sought collateral review, it had no tolling effect because Alberty filed it, and the state district court denied it, before Alberty's judgment became final for purposes of triggering his one-year limitations period under the AEDPA. *See, e.g., Long v. Crow*, No. CIV-19-737-D, 2019 WL 5295554, at *2 (W.D. Okla.

---

[12] Under *Harris*'s anniversary method, Alberty's one-year limitations period would have expired on September 25, 2010. But because that day was a Saturday, Alberty had until the following Monday, September 27, 2010, to file a timely federal habeas petition. Fed. R. Civ. P. 6(a)(1)(C).

[13] It appears that the state district court signed the order denying Alberty's request for modification on July 28, 2009, but the order is stamped as filed on September 23, 2009. Dkt. 12-4.

Sept. 19, 2019) (concluding that application for postconviction relief filed before the habeas petitioner's judgment became final had no tolling effect), *report and recommendation adopted*, No. CIV-19-737-D, 2019 WL 5295529 (W.D. Okla. Oct. 18, 2019) (unpublished); *Jones v. Dinwiddie*, No. 06-CV-447-TCK-SAJ, 2006 WL 3762092, at *3 (N.D. Okla. Dec. 20, 2006) (unpublished) (concluding that the habeas petitioner's motion for suspension or modification of sentence had no tolling effect, in part, because it was filed before his judgment became final). And Alberty's applications for postconviction relief, filed in 2020 and 2022, had no tolling effect because both were filed long after his one-year limitations period expired. *Clark*, 468 F.3d at 714.[14]

In sum, § 2244(d)(1)(A) provides the triggering event for the commencement of Alberty's one-year limitations period, he cannot benefit from statutory tolling, and the petition is untimely under § 2244(d)(1)(A).

### B. Neither equitable tolling nor an equitable exception is warranted.

Alberty has not shown that his limitations period should be tolled or that his noncompliance should be excused for equitable reasons. A petitioner who seeks equitable tolling bears a "strong burden" to identify specific facts establishing (1) that he diligently pursued his federal claims and (2) that extraordinary circumstances prevented him from filing a federal habeas petition before the one-year limitations period expired. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008). Even assuming that some of Alberty's arguments could be construed as seeking equitable tolling, the absence of over nine years between the finality of his judgment and his first application for

---

[14] Alberty also filed a motion for transcripts in 2013, after his one-year limitations period expired. Dkt. 12-6. But even if this motion had been filed during the relevant limitations period, it was not a tolling motion because it did not seek "a judicial reexamination of a judgment or claim in a proceeding outside the direct review process." *Wall v. Kholi*, 562 U.S. 545, 553 (2011).

postconviction relief demonstrates a lack of diligence in pursuing any federal claims to challenge his custody under the 2007 judgment. And Alberty has not identified any extraordinary circumstances that prevented him from filing a federal habeas petition until 2023.[15] Under the circumstances of this case, the Court thus finds that equitable tolling is not warranted.

The Court likewise finds that the circumstances of this case do not support application of *Perkins*'s equitable exception. The *Perkins* Court held that the miscarriage-of-justice exception that permits habeas petitioners to overcome certain procedural bars also applies to the AEDPA's one-year statute of limitations and permits review of untimely habeas claims in those rare cases when a petitioner presents "a credible showing of actual innocence." *Perkins*, 569 U.S. at 392-95. But the actual-innocence exception does not apply in this case because Alberty does not suggest, credibly, or otherwise, that he did not commit the murder for which he was convicted. Rather, he alleges that he should have been convicted in federal court because he is Indian, and he committed murder in Indian country. *See Pacheco*, 62 F.4th at 1241-44 (discussing the actual-innocence exception and concluding it did not apply to excuse the untimeliness of the petitioner's *McGirt* claim because "[the petitioner's] actual-innocence claim is not based on evidence regarding what she did, but on where she did it"). Like the petitioner in *Pacheco*, Alberty cannot rely on the actual-innocence exception to excuse the untimeliness of his petition.

---

[15] To the extent Alberty's argument could be construed as asserting that *McGirt* itself created an extraordinary circumstance that prevented him from filing a timely petition, the Court rejects that assertion. As this court has previously stated, "[e]ven accepting that *McGirt* significantly altered the understanding of the allocation of criminal jurisdiction in Oklahoma, applying equitable tolling in this situation would effectively turn the doctrine of equitable tolling into a judicially-created equitable exception to § 2244(d)(1)'s one-year statute of limitations for all Oklahoma prisoners who were purportedly tried by a state court that lacked criminal jurisdiction." *Rowbotham v. Nunn*, No. 22-CV-0011-JFH-SH, 2022 WL 1523195, at *3 (N.D. Okla. May 13, 2022) (unpublished).

## IV.     Conclusion

Some claims that Alberty appears to assert in his petition are not cognizable on habeas review because they allege errors in a federal criminal proceeding rather than challenging the validity of the state court judgment under which Alberty presently is in custody. And 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations bars relief as to Alberty's only cognizable habeas claim—that he is in custody in violation of federal law because he is Indian, and he was prosecuted in state court for committing murder in Indian country. The Court therefore concludes that Respondent's motion to dismiss (Dkt. 11) shall be granted, and the petition (Dkt. 5) shall be dismissed with prejudice. Based on this dismissal, the Court denies as moot the motion for stay of proceeding (Dkt. 16). And, because Alberty's noncompliance with the statute of limitations constitutes a plain procedural bar, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS THEREFORE ORDERED** that: (1) Respondent's motion to dismiss (Dkt. 11) is **granted**; (2) the petition for writ of habeas corpus (Dkt. 5) is **dismissed with prejudice**; (3) the motion for stay of proceeding (Dkt. 16) is **denied as moot**; (4) a certificate of appealability is **denied**; and (5) a separate judgment of dismissal shall be entered herewith.

**DATED** this 15th day of July, 2024.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE